IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 04-cv-01872-MSK-MJW

TOM L. REYNOLDS;
DEBBIE J. REYNOLDS, individually; and
ENERGY PLUS, INC., a Colorado corporation,

     Plaintiffs,

v.

QUARTER CIRCLE M. RANCH, INC.;
MUELLER RANCH HOMEOWNERS ASSOCIATION, INC., a Colorado nonprofit corporation;
RANDALL E. WITTE, individually and as director and president of Mueller Ranch Homeowner Association, Inc.;
POLLY S. MUNSON, individually and as director and member of the Architecture Control Committee of Mueller Ranch Homeowner Association, Inc.;
PATRICIA A. JAHNER, individually and as director, and secretary of Mueller Ranch Homeowner Association, Inc.;
MARSHA C. WITTE, individually and as treasurer of Mueller Ranch Homeowner Association, Inc.;
PHREDERICK A. JAHNER, individually and as a member of the Architecture Control Committee of Mueller Ranch Homeowner Association, Inc.;
ELLEN CORDONIER, individually and as a member of the Architecture Control Committee of Mueller Ranch Homeowner Association, Inc.;
WILLIAM A. MUNSON, individually and as a member of the Architecture Control Committee of Mueller Ranch Homeowner Association, Inc.; and
JOHN A. McKNIGHT, individually and as a member of the Architecture Control Committee of Mueller Ranch Homeowner Association, Inc.,

     Defendants.

___

**OPINION AND ORDER GRANTING JUDGMENT ON THE PLEADINGS**
___

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion for Judgment on the Pleadings **(# 7)**, the Plaintiffs' response **(# 16)**, and the Defendants' reply **(# 18)**.

This action arises from a dispute between the Plaintiffs, owners of a lot in the Mueller Ranch subdivision in El Paso County, Colorado, and the various members of the Mueller Ranch Homeowners' Association. Summarizing the Amended Complaint **(# 8)**, the Plaintiffs contend that over the course of the year 2000, the Homeowners' Association improperly refused to approve various building plans proposed by the Plaintiffs for construction on their lot. The Amended Complaint alleges six causes of action: (i) housing discrimination on the basis of race[1] in violation of 42 U.S.C. § 3601 *et seq.*; (ii) race discrimination in violation of 42 U.S.C. § 1981 and 1982; (iii) breach of contract under Colorado law; (iv) intentional infliction of emotional distress under Colorado law; (v) housing discrimination on the basis of race in violation of C.R.S. § 24-34-501 *et seq.*; and (vi) negligence under Colorado law.

This is not the first time that the events of 2000 have spawned litigation. Indeed, the Plaintiffs asserted the same claims in a prior action, *Reynolds, et al. v. Quarter Circle Ranch, Inc., et al.*, D. Colo. Case No. 00-K-2460, commenced on December 7, 2000.[2] That action followed a somewhat unusual trajectory. In an Order filed on April 30, 2003, Judge Kane noted the death of the Plaintiffs' attorney, a solo practitioner, and stayed the action until May 30, 2003 for the Plaintiffs to secure new counsel or to declare an intention to proceed *pro se*. On May 30, 2003, new counsel entered an appearance for the Plaintiffs.

On February 26, 2004, Judge Kane set the matter for a jury trial on August 16, 2004, and set a trial preparation conference for August 2, 2004. But on July 13, 2004, Judge Kane entered

---

[1] Plaintiff TomReynolds is black.

[2] Proceedings in Case No. 00-K-2460 also suggest that the Plaintiffs brought a state court action against some or all of the Defendants in El Paso County. The scope and outcome of that action are not relevant herein.

a minute order noting that the Plaintiffs' new counsel had "been placed on disability/inactive status" and that certain pretrial materials had not been filed. Judge Kane ordered that the parties submit a status report by July 20, 2004, "stating their intent and preparedness to proceed to trial." On July 20, 2004, the Plaintiffs filed a *pro se* status report, stating that they were diligently attempting to locate new counsel, and that they were not prepared to proceed to trial as scheduled. The Plaintiffs stated that they anticipated new counsel would be retained within 20 days, and requested a continuance of the trial date to allow that new counsel to prepare. On July 21, 2004, Judge Kane granted the Plaintiffs' request, vacating the trial and setting the matter for a status conference on August 19, 2004.

On August 16, 2004, the Defendants moved to dismiss the action for failure to prosecute, noting that the Plaintiffs had not participated in pretrial preparation, nor retained counsel despite having been given more than the requested 20 days to do so. At the August 19, 2004 conference, Judge Kane observed that although the Plaintiffs' counsel of record had been reinstated before the Colorado Bar, he had not sought re-admission to the Bar of this Court. Judge Kane then entertained the Defendants' Motion to Dismiss for Lack of Prosecution. When Plaintiff Thomas Reynolds, appearing *pro se*, stated he had not received the Motion, Judge Kane provided him with a copy and took a 15-minute recess to permit the Plaintiff to review it. Upon returning and hearing argument from both sides, Judge Kane granted the Defendants' motion and dismissed the case without prejudice. Approximately three weeks later, on September 9, 2004, the Plaintiffs commenced the instant case without counsel.

In this action, the Defendants move for judgment in their favor because the claims are barred by the applicable statutes of limitation. They note that all of the events in the Amended

Complaint occurred in 2000, more than three years before the filing of the instant case. They allege, without dispute by the Plaintiffs, that all of the claims in the Amended Complaint are governed by statutes of limitation of three years or less and therefore are time barred. In their response, the Plaintiffs concede that the applicable statutes of limitation would bar these claims, but contend that the Court should deem the statutes of limitation equitably tolled on the grounds of extraordinary circumstances.

At the outset, it is essential for this Court to emphasize that it is <u>not</u> reviewing any aspect of Judge Kane's decision to dismiss the Plaintiffs' prior lawsuit. The Plaintiffs, represented by their present counsel, sought reconsideration of that ruling in January 2005 alleging that the dismissal decision denied them Due Process. Judge Kane denied reconsideration of the dismissal by Order dated February 28, 2005. The Plaintiffs did not appeal from either the initial dismissal or the denial of reconsideration, and the time for doing so has passed. Thus, Judge Kane's decision is final, and numerous jurisprudential doctrines prevent this Court from revisiting the matter. In other words, this Court does not consider whether Judge Kane should or should not have dismissed the prior action; the sole issue before this Court is whether the circumstances that led to or followed the dismissal are sufficiently "extraordinary" so as to warrant equitable relief.

In federal actions, equitable tolling of statutes of limitation is appropriate if a defendant has actively misled the plaintiff respecting the cause of action or where a plaintiff has, in some extraordinary way, been prevented from asserting his rights. *See e.g. Mosely v. Pena*, 100 F.3d 1515, 1518 (10th Cir. 1998). The critical inquiry in such a case is whether the plaintiff exercised due diligence. *See e.g. Bensman v. U.S. Forest Service*, 408 F.3d 945, 964 (7th Cir. 2005);

4

*Podobnik v. U.S. Postal Service*, 409 F.3d 584, 592 (3d Cir. 2005); *Cabello v. Fernandez-Larios*, 302 F.3d 1148, 1155 (11th Cir. 2005) (extraordinary circumstances are those "that are both beyond the plaintiff's control and unavoidable even with diligence"). With regard to the state-law claims, Colorado law also recognizes equitable tolling subject to similar requirements. *See e.g. Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1097 (Colo. 1996) ("The reasoning underlying these cases is that it is unfair to penalize the plaintiff for circumstances outside his or her control, so long as the plaintiff makes good faith efforts to pursue the claims when possible").

The Plaintiffs contend that the "extraordinary circumstances" of the dismissal of their prior action are: (i) that their counsel was unable to enter an appearance at the August 19, 2004 hearing, (ii) that they were only given 15 minutes to review the Defendants' Motion to Dismiss, and (iii) that they were required to address the arguments therein without the aid of counsel. *See Docket # 16 at* ¶10-12. Viewed in their totality, this Court does not find these circumstances so extraordinary that equitable relief is warranted.

The fact that Plaintiffs' prior counsel was not available to appear on August 19, 2004 was not unanticipated by Plaintiffs. The Plaintiffs had known since at least July 13, 2004 that their attorney had been suspended from practice, and the Plaintiffs had assured the Court in their July 20, 2004 status report that they were "diligently trying to hire new counsel." They affirmatively represented that 20 days would be sufficient to obtain counsel, and presumably intended the Court and the Defendants to rely upon that representation. Although it is conceivable that the Plaintiffs anticipated that their former counsel would be able to represent them at the August 19, 2004 hearing and were blindsided by his sudden absence, they did not

assert this before Judge Kane, nor have they made such an assertion here.  Indeed, the transcript of the proceedings before Judge Kane belies such an assertion.  According to Plaintiff Reynolds, he had conversed with the attorney the day before the hearing and was told that the attorney was "just  waiting on the Supreme Court judgment for reinstatement."  The fact that, on the day before the hearing, the Plaintiffs' attorney had not  received official reinstatement to the Colorado Bar casts doubt on any reasonable expectation the Plaintiffs might have had that the attorney would be able to represent them at a 9:00 a.m. hearing the next day. In such event, one would have expected the Plaintiffs to request a continuance until this attorney or another could appear, but they did not do so. Under these circumstances, the Court cannot say that Plaintiffs' attorney's absence from the hearing was an extraordinary circumstance.

The other two circumstances, Judge Kane's requirement that the Plaintiffs respond *pro se* to the Motion to Dismiss upon 15 minutes' review, similarly fall short of extraordinary.  The Plaintiffs concede that this Court's local rules provide that "nothing . . . precludes a judicial officer from ruling on a motion at any time after it is filed."  D.C. Colo. L. Civ. R. 7.1(C). Indeed, it is not uncommon for a trial judge to rule on a newly-filed motion that the non-movant has not received, so long as the Court provides the non-movant adequate notice of the relief sought and an opportunity to be heard.   Here, the Plaintiffs were given an opportunity to review the Defendants' motion, a motion that amounted to only six lines of text and three factual assertions - that: (i) the Plaintiffs failed to exchange exhibits in preparation for trial; (ii) the Plaintiffs had not retained new counsel as required; and (iii) such failures resulted in increased expense and delay to the Defendants.  Such allegations were little more than a restatement of Judge Kane's observations in the minute order of July 13, 2004.  Plaintiff  Reynolds did not ask

for a continuance to address these, but instead responded to the motion directly by describing his efforts to secure new counsel and arguing that rather than suffering increased expense, the delays in the litigation process allowed the Defendants to "make[ ] money off of my land." That the Plaintiffs now believe that they could have made better arguments had they had the benefit of counsel or a longer time to prepare does not demonstrate "extraordinary circumstances." It is often the case that parties or counsel reflect upon arguments made and believe that, with better assistance or more time to prepare, they could have been more persuasive. Plaintiffs do not suggest that any other response would have been made had they had greater time to review the motion or to consult with counsel. Given the limited scope of the motion, its factual nature and that it merely reiterated Judge Kane's minute order issued a month earlier, neither the time allotted to the Plaintiffs for review of the motion nor absence of counsel renders the process extraordinary. Accordingly, this Court finds nothing in the August 19, 2004 proceedings before Judge Kane that arise to the level of "extraordinary circumstances."

Moreover, the Court finds that the Plaintiffs have not demonstrated that they acted with due diligence in addressing the dismissal order. Because this Court does not review the merits of Judge Kane's decision to dismiss the action, the due diligence inquiry starts at the moment the case was dismissed, and examines whether the Plaintiffs availed themselves of any opportunities that would have alleviated their need to seek equitable relief here. The Court finds that they did not. The only immediate action taken by the Plaintiffs after Judge Kane's dismissal was to re-file the Complaint from the prior action to initiate this case. Plaintiffs did not timely secure counsel nor promptly seek reconsideration of the dismissal order. Although refiling of the

Complaint reflects some diligence and a desire by Plaintiffs to pursue their claims, it does not reflect diligent efforts to avoid the harm they now seek to avoid – a time bar of their claims.

The Court is mindful that the Plaintiffs proceeded *pro se* in the delicate days following the dismissal, but finds that their decision to do so was ill-conceived.  It was in the moments following dismissal that the Plaintiffs were in the greatest need of sound legal advice.  Diligent efforts to avoid the time bar required consultation with an attorney and a prompt motion for reconsideration or an appeal.  According to Plaintiff Reynolds' representations to Judge Kane in August 2004,  they had "talked to other attorneys and could have one enter an appearance ASAP."  But despite having legal representation at the ready, it appears that the Plaintiffs did not seek advice on how best to proceed in the face of the dismissal. Apparently, they delayed in retaining counsel until October 22, 2004, two months after the dismissal.  Such counsel then waited until January 2005 before seeking  reconsideration of the dismissal. Interestingly, this delay corresponds to Defendants raising statute of limitations issues in this proceeding.  But in seeking reconsideration of the dismissal, the Plaintiffs never argued to Judge Kane that reopening of the old action was required because they could not pursue this action due to applicable statutes of limitation.  Thus, even though the Plaintiffs ultimately sought reconsideration of the dismissal, they failed to make a critical argument for relief that would have prevented the need for an equitable remedy now.

In light of all of the circumstances, the Court finds that the Plaintiffs did not exercise due diligence in attempting to avoid the harm for which they now seek relief.   The dismissal of the prior matter by Judge Kane on August 19, 2004 did not occur as a result of  "extraordinary circumstances" justifying the invocation of the doctrine of equitable tolling. Because Plaintiffs

effectively concede that their claims are now barred by the applicable statutes of limitation, the Defendants' Motion for Judgment on the Pleadings **(# 7)** is **GRANTED**.  The claims of the Plaintiffs are barred and judgment shall be entered in favor of the Defendants and against the Plaintiff.  The Clerk of the Court is directed to close this case.

Dated this 13th day of July, 2005.

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge